

**SIGNED this 14 day of May, 2007.**

_____
**JOHN T. LANEY, III**
**UNITED STATES BANKRUPTCY JUDGE**
_____

```
               UNITED STATES BANKRUPTCY COURT
                 MIDDLE DISTRICT OF GEORGIA
                     VALDOSTA DIVISION




IN RE:

DANA KEITH SWAIN,                         CASE NO. 99-70299

          Debtor                          CHAPTER 7




WALTER W. KELLEY, TRUSTEE,                ADVERSARY PROCEEDING

          Plaintiff                       NO.  06-7028

vs.

DANA KEITH SWAIN,

          Defendant
```

## **MEMORANDUM OPINION ON PLAINTIFF'S**
## **MOTION FOR SUMMARY JUDGMENT**

Walter W. Kelley, Chapter 7 Trustee, filed a complaint against the Debtor Dana Keith Swain asking the court to revoke the Debtor's discharge pursuant to 11 U.S.C. §727. The Trustee alleged that the Debtor had received substantial federal income tax refunds for the tax years 1998 and 1999, had failed to report receipt of the same to the Trustee, and had failed to turn over the tax refunds or any portion of them to the Trustee. The Defendant filed an answer pro se denying the operative allegations of the complaint.

The Plaintiff filed a Motion for Summary Judgment based upon the entire record of the case including copies of tax refund checks signed by the Debtor and copies of affidavits signed by the Debtor in connection with the settlement of a post-petition law suit which occurred after receipt of the tax refunds. The affidavits aver that the funds used to settle the law suit were funds of the Debtor's father and were not part of or derived from the Debtor's bankruptcy estate. At the time the Debtor signed these affidavits, he had received and cashed the tax refund checks in question.

It is clear that all of the 1998 tax refund and a portion of the 1999 tax refund were property of the Debtor's estate. The

2

court took judicial notice of the schedules in the case in which the Debtor failed to reveal entitlement to tax refunds.  The Debtor didn't report receipt of the tax refunds to the Trustee and failed to turn over any portion of the tax refunds to the Trustee.  The Debtor was obviously aware of the entitlement to tax refunds when he filed his tax returns and when he received the refunds.  This occurred after he had filed his bankruptcy case.  The Debtor failed to respond to the Trustee's statement of uncontested facts and failed to file any response to the Motion for Summary Judgment.  It is clear that the Debtor both concealed and transferred funds from tax refunds which were property of the estate after the filing of the petition.  There is no issue of material fact and the Plaintiff is entitled to judgment as a matter of law. The Debtor's Chapter 7 discharge will be revoked.